**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In Re: Kristen Adams

KRISTEN ADAMS,

Appellant,

v. Case No.: 3:26-cv-1306-WWB

EUGENE H. JOHNSON,

Appellee.
_________________________________/

## ORDER

THIS CAUSE is before the Court on Appellee's Motion to Dismiss Appeal (Doc. 14) and Appellant's Response in Opposition (Doc. 18). For the reasons set forth below, Appellee's Motion will be granted.

At a show-cause hearing in the case below, United States Bankruptcy Judge Jacob A. Brown orally denied Appellant Kristen Adams's Notice of Voluntary Dismissal after spending nearly an hour documenting his findings of bad faith and lack of credibility on the part of Adams. (*See* Doc. 18-1 at 13, 17–49). Adams did not attend the hearing despite being expressly directed to appear. (*Id.* at 10, 17). After the hearing, Judge Brown issued a written order ("**Conversion Order**") converting Adams's Chapter 13 bankruptcy to a case under Chapter 11. (*See* Doc. 14 at 20–23). The Conversion Order also "prohibited [Adams] from filing any motion, application, notice, pleading, or any other filing of any kind in th[e] Bankruptcy Case unless such document ha[d] been signed by an attorney admitted to practice before the Court." (*Id.* at 22). Judge Brown warned that all noncompliant filings would be stricken without discussion. (*Id.*). Thirteen days later,

Adams filed a notice of appeal as to the Conversion Order in bankruptcy court. (*See* Doc. 18-1 at 74). Her counsel did not sign the notice, which was quickly stricken by Judge Brown. (Doc. 14 at 25–26; *see also* Doc. 18-1 at 74). Six weeks later, Adams filed a notice of appeal as to the Conversion Order in this Court. (*See generally* Doc. 8).

Appellant Eugene H. Johnson, Chapter 11 Trustee in the case below, moves to dismiss the appeal for lack of jurisdiction and for various procedural and rules violations. (*See generally* Doc. 14). Johnson first argues that the Court lacks jurisdiction over this appeal because Adams has not filed a notice of appeal in bankruptcy court. "[A] notice of appeal must be filed with the bankruptcy clerk within 14 days after the judgment, order, or decree to be appealed is entered." Fed. R. Bankr. P. 8002(a)(1). The appeal "may be taken *only* by filing a notice of appeal with the bankruptcy clerk within [that] time." Fed. R. Bankr. P. 8003(a)(1) (emphasis added). And "[t]he timely filing of a notice of appeal is jurisdictional." *Gowdy v. Mitchell* (*In re Ocean Warrior, Inc.*), 835 F.3d 1310, 1318 (11th Cir. 2016) (quotation omitted); *see also Legum v. Enbar* (*In re Legum*), 756 F. App'x 975, 976 (11th Cir. 2019) ("If an appellant seeking review of an order of the bankruptcy court fails to file a timely notice of appeal, the district court lacks jurisdiction to consider the appeal."). Alternatively, Johnson argues that this appeal should be dismissed because Adams has not timely filed a designation of the record with the bankruptcy clerk, *see* Fed. R. Bankr. P. 8009(a)(1)(A), or because she has not timely filed an appellant's brief in this Court, *see* Fed. R. Bankr. P. 8018(a)(1). *See also* Fed. R. Bankr. P. 8003(a)(2) ("An appellant's failure to take any step other than timely filing a notice of appeal does not affect the appeal's validity, but is ground only for the district court or BAP to act as it considers appropriate, including dismissing the appeal.").

Adams briefly argues that her notice of appeal was timely filed in the bankruptcy court before being stricken by Judge Bown. However, Johnson notes that stricken filings are treated as if they had never been filed at all. *See Nicolette v. Blue Cross Blue Shield of N.C., Inc.*, No. 6:20-cv-1411, 2021 WL 2689387, at *3 (M.D. Fla. May 28, 2021); *Williams v. Am. Tel. & Tel. Co.*, 134 F.R.D. 302, 303 (M.D. Fla. 1991). Adams does not respond to this argument and cites to no authority in support of her own, abandoning the issue. *See Cousins v. Sch. Bd. of Orange Cnty.*, 687 F. Supp. 3d 1251, 1280 (M.D. Fla. 2023) (collecting cases). Nor does Adams respond to Johnson's alternative procedural arguments. Instead, Adams spends the bulk of her Response arguing that she had voluntarily dismissed her bankruptcy case—as was her absolute and unwaivable right—prior to Judge Brown's entry of the conversion order and Johnson's appointment as Trustee.[1]

On this point, Adams may well be onto something. 11 U.S.C. § 1307(b) provides that, "[o]n request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter." This language presents only one exception—a prior conversion—to a debtor's otherwise unqualified right to dismiss. Outside of the sole exception, most circuit courts, district courts, and bankruptcy courts have recognized that, in the wake of *Law v. Siegel*, 571

[1] Adams also spends a sentence arguing that Judge Brown's filing restriction violated her First and Fifth Amendment rights without citing any authority in support. Assuming that that issue is a proper subject of this appeal, it too has been abandoned. *See Deligdish v. N. Brevard Cnty. Hosp. Dist.*, No. 6:22-cv-696, 2026 WL 2363552, at *8 (M.D. Fla. Aug. 14, 2026) (collecting cases). The Court also notes that while Adams verified that she "double checked everything that AI provided [her]" in preparing her Response, (Doc. 18 at 17), she nonetheless provided what appears to be a hallucinated quotation of *Law v. Siegel*, 571 U.S. 415 (2014). (*See* Doc. 18 at 3).

U.S. 415 (2014), a Chapter 13 debtor's right to dismiss under § 1307(b) is absolute. *See In re Farnham*, No. 23-30610, 2024 WL 4128826, at *3–6 (Bankr. M.D. Ga. Sept. 6, 2024) (collecting and discussing cases); *In re Ausar*, No. 6:22-bk-4061, 2025 WL 2808862, at *2 & n.10 (Bankr. M.D. Fla. Sept. 8, 2025) (collecting cases and noting that the Eleventh Circuit has not yet ruled on the matter).[2]

Far more questionable, however, is Adams's assertion that her Notice of Voluntary Dismissal was "self[-]executing." (Doc. 18 at 6). The "'dismissal' of a case is ineffective until the court enters an order." *Farnham*, 2024 WL 4128826, at *7; *see also United States v. Freeman*, 864 F. Supp. 2d 1298, 1299–1301 (M.D. Fla. 2012), *aff'd,* 631 F. App'x 784 (11th Cir. 2015). However, there is no order dismissing the case below. There is only an oral order denying Adams's Notice of Voluntary Dismissal.[3] To the extent Adams purports to appeal that order, the denial of debtor's motion to dismiss is not a final appealable order. *Warner v. Unsecured Creditors' Comm.* (*In re Warner*), 94 B.R. 734, 735–36 (M.D. Fla. 1988); *Kelly, Howe & Scott v. Giguere* (*In re Giguere*), 188 B.R. 486,

---

[2] *But see Viegelahn v. Lopez* (*In re Lopez*), 897 F.3d 663, 669 (5th Cir. 2018) ("A debtor generally has a right to voluntarily dismiss her case under § 1307(b) at any time, although the bankruptcy court may deny dismissal for bad-faith conduct or abuse of the bankruptcy process." (quotation omitted)); *In re Spann*, No. 19-61872, 2021 WL 5177371, at *2 (Bankr. N.D. Ga. Nov. 3, 2021) ("The Court is aware of cases . . . that hold that a debtor has the absolute right to dismiss a case[,] . . . [b]ut when there has been an abuse of the process such as what we have in this case, where we have a debtor who sought and received the protection of this Court, and benefited from that protection, and then knowingly violated a court order and absconded with assets of the estate to the detriment of creditors, the Bankruptcy Code does not prohibit this Court from protecting creditors and the integrity of the bankruptcy process by denying a request to voluntarily dismiss a case.").

[3] Because "[d]ismissing . . . a case under . . . [§] 1307(b) requires a motion filed and served as required by Rule 9013," Fed. R. Bankr. P. 1017(f)(2), courts, like the bankruptcy court below, routinely construe notices of dismissal as motions. *See Farnham*, 2024 WL 4128826, at *7 (collecting cases).

488 (D.R.I. 1995); *cf. Barben v. Donovan* (*In re Donovan*), 532 F.3d 1134, 1137 (11th Cir. 2008). Moreover, Adams fails to show or even argue that leave for an interlocutory appeal is appropriate. *See Acute, Inc. v. ECI Pharms., LLC*, 787 F. Supp. 3d 1342, 1355 (S.D. Fla. 2025) (discussing standard for permitting interlocutory appeals); *Warner*, 94 B.R. at 738–39 (denying discretionary interlocutory review of bankruptcy court's denial of debtor's motion to dismiss).

In sum, Adams has abandoned any rebuttal to the argument that, because her notice of appeal was stricken by the bankruptcy court, it was for all intents and purposes never filed at all. She is thus left in a regrettable bind that is at least partially of her own creation, and the Court lacks the jurisdiction, not to mention the record, necessary to proceed with this appeal.

Accordingly, it is **ORDERED** and **ADJUDGED** that that Appellee's Motion to Dismiss Appeal (Doc. 14) is **GRANTED** and that this appeal is **DISMISSED**. The Clerk is directed to terminate all pending motions and close this case.

**DONE AND ORDERED** in Jacksonville, Florida on October 2, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party
Counsel of Record